**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA            CRIMINAL NO. 06-50135-04/05/15

VERSUS            JUDGE S. MAURICE HICKS, JR.

JOHNNY WAYNE CUNNINGHAM (04),            MAGISTRATE JUDGE HORNSBY
LISA JACKSON DREW (05), AND VICTOR
LAMOND THEUS (15)

**MEMORANDUM ORDER**

Before the Court is a Motion to Dismiss Count One as Duplicitous (Record Document 177) filed by defendant Lisa Jackson Drew. The Motion to Dismiss Count One as Duplicitous was also adopted by defendants Victor Lamond Theus and Johnny Wayne Cunningham. See Record Documents 201 & 202. The Government opposes the Motion to Dismiss Count One as Duplicitous. See Record Documents 197 & 204.

Count One of the Indictment in the instant matter charges defendants Lisa Jackson Drew, Victor Lamond Theus, and Johnny Wayne Cunningham, among others, with knowingly and willfully conspiring to commit mail fraud and health care fraud by staging automobile accidents and incidents and filing false insurance claims. See Record Document 1. Defendants argue that such count is duplicitous because "it actually allege[s] multiple conspiracies joining offenses and defendants that do not involve a common scheme or plan." Record Document 177 at 1. The crux of defendants' argument is that "Count One of the Indictment alleges multiple possible conspiracies rather than one overall conspiracy." Id. Defendants also argue that Count One of the Indictment violates the joinder of offences provisions of Federal Rule of Criminal Procedure 8(a).[1] Finally,

---

[1] F.R.Cr. P. 8(a) states that "the indictment . . . may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors

defendants request an evidentiary hearing and argue that the Government must "set forth the basic facts of the alleged conspiracy and any evidence linking the various accidents to one overall conspiracy." Id. at 2.

The Fifth Circuit has defined duplicity as "the joining in a single count of two or more distinct and separate offenses." U.S. v. Acosta, 763 F.2d 671, 696 (5th Cir. 1985). The Acosta court went on to state that in order to determine whether an indictment charges separate conspiracies or a single conspiracy, courts should consider "whether the alleged facts reveal a 'substantial identity of facts or participants." Id. (internal citations and quotations omitted). Generally, courts have found a single conspiracy in cases where the indictment adequately shows a singular conspiratorial objective. See id. (internal citation omitted). The simple fact that an indictment does not charge each and every defendant with active participation in each phase of the conspiracy does not bring about misjoinder. See id. The indictment also need not charge that each and every defendant "knew all the participants or details of the conspiracy as long as it alleges knowledge of the conspiracy's essential nature." Id. (internal citations and quotations omitted).

Here, the Court finds that it is clear that Count One of the Indictment charges only one conspiracy with a single conspiratorial objective, to defraud insurance companies through staging automobile accidents and incidents and filing false claims. The facts alleged by the Government in Count One of the Indictment reveal a substantial identity of facts or participants that evidence such a single conspiracy to defraud insurance companies. However minor the roles of defendants Lisa Jackson Drew, Victor Lamond

---

or both--are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."

Theus, and Johnny Wayne Cunningham, their involvement in the conspiracy is properly alleged by the Government, as it is not necessary for the Government to prove that each of these defendants were involved in each aspect of the conspiracy to defraud the insurance companies. Further, the Court notes that while not all defendants in the instant matter are charged on all counts, there is nothing preventing the Government from pursuing the theory that the alleged separate automobile accidents/incidents and the filing of false insurance claims, which occurred at frequent intervals over a number of years and involved various combinations of the alleged coconspirators, were not all overt acts of the single conspiracy to defraud insurance companies. See Acosta, 763 F.2d at 696-697.

Accordingly,

**IT IS ORDERED** that the Motion to Dismiss Count One as Duplicitous (Record Document 177) filed by defendant Lisa Jackson Drew, and adopted by defendants Victor Lamond Theus and Johnny Wayne Cunningham (Record Documents 201 & 202), be and is hereby **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 31st day of October, 2006.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE